```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                   JASPER DIVISION
```

LARRY LEE BUTLER,              )
                               )
        Petitioner,             )
                               )
v.                             )      6:15-cv-0162-WMA-JEO
                               )
                               )
WARDEN DEWAYNE ESTES,          )
et al.,                        )
                               )
        Respondents.            )

## MEMORANDUM OPINION

This is an action on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §§ 2241 and 2254 by Larry Lee Butler ("Petitioner" or "Butler"), an Alabama state prisoner acting *pro se*. (Doc.[1] 1).  Butler is confined at the Limestone Correctional Facility in Harvest, Alabama.  He is serving four concurrent life sentences following his guilty plea conviction in the Circuit Court of Marion County, Alabama, on four counts of solicitation to commit murder, in violation of Ala. Code §§ 13A-6-2 and 13A-4-1.  On April 6, 2015, the magistrate judge entered a report pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b)(1) recommending that the petition be denied on the ground that it is

---

[1] Citations to "Doc(s). ___" are to the pleadings, motions, and other documents in the court file, as compiled by the clerk of the court and numbered on the docket sheet.  Unless otherwise noted, poinpoint citations are to the page of the electronically filed document, which may not correspond to the pagination on the original "hard copy."

barred by the statute of limitations, 28 U.S.C. § 2244(d)(1). (Doc. 8). On April 24, 2015, the undersigned entered a memorandum opinion and accompanying final order that adopted the magistrate judge's report and accepted his recommendation over Butler's objections, dismissed the action with prejudice as time barred, and denied a certificate of appealability under 28 U.S.C. § 2253(c). (Docs. 10, 11). The cause now comes to be heard in consideration of three post-judgment filings by Butler that were all docketed by the clerk of this court on June 1, 2015, namely: (1) a motion "to vacate, set aside and hold for naught" the court's memorandum opinion and final order entered April 24, 2015, which also includes a motion by Butler for leave to amend his habeas petition (Doc. 12); (2) a notice of appeal (Doc. 13); and (3) a motion to proceed on appeal *in forma pauperis* ("IFP") (Doc. 14). For the reasons explained below, the court concludes as follows: (1) Butler's motion "to vacate, set aside and hold for naught" the court's final order, treated as motion to alter or amend the judgment pursuant to FED. R. CIV. P. 59(e), is due to be denied; (2) his motion for leave to amend his habeas petition is due to be denied; (3) his motion for leave to proceed IFP on appeal is due to be denied; and (4) that Butler is not entitled to a certificate of appealability under 28 U.S.C. § 2253(c).

I.

Butler's motion styled as one "to vacate, set aside and hold for naught" the court's final order dismissing the action is due to be treated as a motion to alter or amend the judgment under FED. R. CIV. P. 59(e) if timely filed within 28 days of the court's judgment, or, if filed after that deadline, as a motion for relief from judgment under FED. R. CIV. P. 60(b). *See Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003); *Stanislas v. Publix Super Markets, Inc.*, 2014 WL 3053212, at *1 n.1 (M.D. Fla. July 7, 2014). Although Butler's motion was docketed on June 1, 2015, it is signed and dated May 20, 2015. (Doc. 12 at 9). Under the prison mailbox rule, a filing by a *pro se* prisoner is deemed filed when it is presented to prison authorities for mailing, *see Houston v. Lack*, 487 U.S. 266, 275-76 (1988), and absent evidence to the contrary, it is presumed that a filing was so presented on the date signed. *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). Because Butler's motion appears to be due to be deemed filed May 20, 2015, which is within 28 days of the court's judgment entered April 24, 2015, the motion will be treated as one made pursuant to Rule 59(e).

At the same time he filed his Rule 59(e) motion, Butler also filed a notice of appeal, which generally divests a district court of jurisdiction to take any action in a case except in aid of the appeal. *United States v. Diveroli*, 729 F.3d 1339, 1341

3

(11th Cir. 2013); *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007). However, the filing of a timely Rule 59(e) motion renders a notice of appeal ineffective until the district court enters an order dismissing the motion. *See* FED. R. APP. P. 4(A)(4)(B)(i); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982); *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 745-46 (11th Cir. 2014); 11 C. Wright. A. Miller, et al., *Fed. Prac. & Proc.* § 2821 (3d ed.). Thus, this court retains jurisdiction to consider Butler's Rule 59(e) motion despite his notice of appeal.

## II.

### A.

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright, A. Miller, et al., *Fed. Prac. & Proc.* § 2810.1, pp. 127-128 (2d ed. 1995) (footnotes omitted)); *see also Stansell*, 771 F.3d at 746; *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) (recognizing that Rule 59(e) motions may only be granted based on "newly-discovered evidence or manifest errors of law or fact."). Whether to grant relief under Rule 59(e) is a matter committed to the discretion of the district court. *See Stansell*, 771 F.3d at

746.

**B.**

In the first section of his motion, Butler rehashes several arguments previously made, to the effect that his substantive claims for habeas relief are meritorious and related to whether he is entitled to a period of equitable tolling of the limitations period. (Doc. 12 at 1-6). Insofar as Butler merely repeats prior arguments, such can afford no basis for relief under Rule 59. However, Butler now also makes a new argument in support of equitable tolling. In that claim, Butler alleges that, pursuant to the orders of the state trial judge, beginning in October 2011, several months before Butler pled guilty and was sentenced on January 24, 2012, until approximately the first week of March 2012, he "was held in total solitary confinement/ isolation in the Marion County Jail, ... with no paper, pens, envelopes, stamps, books, legal papers, no access to a telephone to contact anyone, even his attorney's (sic)." (Doc. 12 at 4-5). Thereafter, Butler asserts, he was transferred to Kilby Correctional Facility in Mt. Meigs, Alabama, where, also pursuant to the same court orders, he remained "in lockup/solitary confinement and barred ... from mailing out or receiving mail, ... from going to the law library, and was barred or prohibited from making any telephone calls *to anyone*." (*Id.* at 5 (emphasis original)). Such isolation continued, Butler contends, "through

June 2012." (*Id.*) In a proposed amended habeas petition attached to the motion, Butler makes both that same allegation that he remained in solitary confinement until June 2012 (Doc. 12-1 at 6), as well as an apparently inconsistent one that he was held "in confinement under the severe restrictions of the [state trial judge's] court orders ... from <u>January 24, 2012</u> through <u>September 2012</u>." (*Id.* at 17 (emphasis original); *see also id.* at 19-20). In any event, Butler now argues that such highly restrictive confinement constituted a state-imposed obstacle that prevented him from filing a timely § 2254 habeas petition and warrants equitable tolling of the limitations period. (Doc. 12 at 5-6; Doc. 12-1 at 2-6, 15-20).

    The court concludes, however, that Butler is not entitled to relief under Rule 59(e) based on this argument. Again, Rule 59(e) cannot be used to raise arguments or evidence that could have been raised prior to the entry of judgment. *Exxon Shipping*, 554 U.S. at 485 n.5; *Stansell*, 771 F.3d at 746. Butler had every incentive and opportunity to raise this particular tolling argument before entry of judgment against him, yet he wholly failed to articulate it. To wit, the State raised a statute-of-limitations defense in its answer, further acknowledging expressly the principle of equitable tolling and citing relevant caselaw. (Doc. 5 at 3-6). The court then entered an order giving notice that it intended to rule on the petition summarily

6

based upon the defenses in the State's answer, inviting Butler to submit materials potentially "to establish," among other things, "equitable tolling of the limitations period" and referring Butler to the seminal Supreme Court decision on the issue, *Holland v. Florida*, 560 U.S. 631 (2010).  (Doc. 6 at 2).  Butler has, of course, been aware at all times the nature of the conditions under which he has been confined.  But when he replied to the State's answer, although he claimed to be entitled to equitable tolling, he did not make such an argument premised upon allegations that he had been kept in restrictive conditions of confinement following his guilty plea.  (*See* Doc. 7).  The magistrate judge entered an 11-page report and recommendation that addressed all of the equitable tolling arguments that Butler did make, concluding that they were due to be rejected and that the petition should be denied as untimely.  (Doc. 8).  Butler then filed an objection to the report and recommendation in which he insisted at length that the magistrate judge erred in declining to apply equitable tolling, but again, Butler made no tolling claim based on restrictive conditions of confinement for an extended period following his guilty plea.  (Doc. 9 at 13-21).  Rather, Butler raises that particular claim for the first time only in his instant motion, with no explanation for why he failed to raise it in any of the 77-or-so pages of documents he filed with this court before final judgment.  On that procedural basis

alone, Butler's new tolling argument does not provide a basis for relief under Rule 59(e).

But even overlooking Butler's failure to raise this tolling argument prior to judgment, his allegations would still be insufficient to save his § 2254 petition from being dismissed as untimely.  It might be assumed for the sake of argument that the limitations period was tolled throughout the period that Butler allegedly remained in restrictive confinement.  Butler seems to claim that such state of affairs continued until either June 2012 or September 2012.  Butler does not explain that discrepancy, but even if one accepts the later date and assumes that the limitations period did not commence until October 1, 2012, it would have run from that date for 351 days until being tolled on September 17, 2013, when Butler filed a petition for postconviction relief in the state trial court pursuant to ALA. R. CRIM. P. 32.[2]  *See* 28 U.S.C. § 2244(d)(2); *McCloud*, 560 F.3d at

---

[2]The Alabama Court of Criminal Appeals stated in its opinion on Butler's collateral appeal that he filed his Rule 32 petition in the state trial court on September 17, 2013.  (Doc. 5-1 at 1). Butler himself says that such filing occurred on September 19, 2013.  (Doc. 1-1 at 4, ¶ VIII; Doc. 12-1 at 6).  However, the court will here assume the correctness of the September 17th filing date because it is more advantageous to Butler.  The court would also note that if Butler's Rule 32 petition were deemed untimely under state law by the Alabama courts, the petition would not be "properly filed" for purposes of § 2244(d)(2) and would have no tolling effect.  *See Allen v. Siebert*, 552 U.S. 3, 5-7 (2007).  The State appears to have raised a time-bar argument in the Rule 32 proceedings.  (*See* Doc. 5-1 at 2).  And despite the fact that Butler's Rule 32 petition would appear to have been filed well over a year after his conviction became final under

1227. That statutory tolling period would have continued while Butler's collateral appeal remained "pending" in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). However, while a properly filed Rule 32 petition tolls the limitations period under § 2244(d)(2), it does not reset it. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011). As such, the limitations period would have resumed running after the Alabama Supreme Court issued an order denying Butler's petition for certiorari review in the Rule 32 appeal and a certificate of judgment was issued on December 5, 2014. (*See* Doc. 1-1 at 7, ¶¶ XVII, XVIII). The limitations period would have then expired 14 days later on December 19, 2014, because Butler did not file his federal habeas petition until January 24, 2015, when he indicates he presented it to prison officials for mailing. (Doc. 1-1 at 29). Therefore, even giving Butler the benefit of essentially every doubt, his § 2254 petition would still be time barred by more than a month. Butler is not entitled to relief based on his new equitable tolling argument based on his allegedly restrictive conditions of confinement in the period following his guilty plea conviction.

---

state law, *see* Rule 32.2(c), ALA. R. CRIM. P., it is clear that the Alabama Court of Criminal Appeals, the last court making a reasoned decision, rejected Butler's Rule 32 claims on the merits, not untimeliness. (Doc. 5-1). Accordingly, the court assumes here that Butler's Rule 32 filing would toll the federal limitations period under § 2244(d)(2).

C.

The remainder of Butler's Rule 59(e) motion is devoted to the proposition that he is entitled to amend his habeas petition under FED. R. CIV. P. 15(a), which governs amendments to pleadings in civil cases. (Doc. 12 at 6-8). That rule also generally applies in habeas cases. *See* 28 U.S.C. § 2242; *Mayle v. Felix*, 545 U.S. 644, 649 (2005). However, FED. R. CIV. P. 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant. *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010). Nonetheless, a plaintiff may seek leave to amend if he is granted relief under Rule 59(e). *Id.* Therefore, the court will construe Butler's allegations in his proposed amended petition (Doc. 12-1) and any related arguments as offered in the service of his Rule 59(e) motion itself.

Insofar as Butler claims that he is entitled to amend his habeas petition in order to allege facts supporting an application of equitable tolling arising from restrictive conditions of confinement following his guilty plea and incarceration thereafter (*see* Doc. 12-1 at 15-20), such argument is rejected for the reasons stated in the preceding section. However, Butler also now contends that he is entitled to amend his petition based upon "newly discovered evidence" that he

10

posits to establish "not only [that he] is innocent of the charges of solicitation to commit murder, but also that law enforcement agents were actively involved in framing [him] on criminal charges of solicitation to commit murder while he was incarcerated in the Marion County Jail." (Doc. 12-1 at 12). For the reasons stated below, the court disagrees.

Butler recites that he was arrested in June 2011 on charges of conspiracy to commit murder and solicitation to commit murder, which preceded a 12-count indictment in August 2011, comprised of five counts of conspiracy to commit murder, five counts of solicitation to commit murder, and two counts of attempted murder. (Doc. 1-1 at 3, ¶¶ I, II). Butler alleges in his habeas petition that, while held on those charges in the Marion County Jail, he was accused of soliciting another murder. (*Id.* at 4, ¶ VI). As to that episode, Butler claims that the solicitation was in a letter that he was physically coerced to write by another, unidentified inmate who held a "razor knife to [Butler's] throat." (*Id.*) Nonetheless, that transaction resulted in Butler's being arrested and indicted on yet another count of murder solicitation in October 2011. (*Id.*) In January 2012 he pled guilty to three of the solicitation counts from the June 2011 indictment and to the solicitation count from the October 2011 indictment, and he was sentenced to four concurrent life sentences. (*Id.* at 4, ¶ VII). In his instant claim, Butler

11

maintains that "newly discovered evidence ... has come to light since his guilty plea proceeding and his filing his Rule 32, ALA. R. CRIM. P. petition." (Doc. 12-1 at 12). That evidence, Butler insists, "establishes that [he] did not make the telephone calls from the Marion County Jail, nor did he write the letters freely and voluntarily of his own free will while incarcerated in the Marion County jail, prior to him being placed in solitary confinement, which formed the basis of the criminal solicitation to commit murder charges." (*Id.*) Specifically, Butler points to two affidavits appended to his proposed amended habeas petition, sworn by two inmates who appear to have been confined at the Limestone Correctional Facility along with Butler. (*See* Doc. 12-1 at 22; Doc. 12-2). The first is an affidavit of one Brandon Ray Moore, dated June 15, 2014, which states in material part as follows:

> I Brandon Moore am alleging the (sic) Morrison Putt told me a (sic) Hamilton A and I[3] that he another man made phone calls in the Marion County Jail and made it look like Larry Butler made them because Butler refused to make the calls. Morrison Putt told me that occurred after he had put a razor knife to Butler's throat and made him write letters to a friend. Putt told me he also wrote some letters and made [B]utler mail them to his friend after he had made a deal with the law that if he did this he would get gun charges off of him or some help with the charges.

(Doc. 12-1 at 22 (footnote added)). The second is an undated

---

[3]This is presumably a reference to Hamilton Aged and Infirmed, an Alabama state prison in Hamilton, Alabama.

affidavit from Steven Brock who makes materially similar allegations:

> I Steven Brock am alleging that Morrison Putt told me after I asked him if he has the one that made the phone calls making it look like Larry Butler had made them in the Marion County Jail. Also, Morrison Putt told me that after the making Butler write letters to Morrison Putt's friend, he and another made did make those calls instead of Butler. Further, Putt said he had to do it to get a gun charge off him so he made a deal with law enforcement that he would get Butler to write the letters.

(Doc. 12-2).

Such evidence is potentially significant because a state prisoner is entitled to have habeas claims in a § 2254 petition heard on their merits even if they would be barred by the limitations period of § 2244(d)(1) where the prisoner is able to make a "convincing showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. ___, ___, 133 S. Ct. 1924, 1928 (2013). Again, however, Rule 59(e) is not a vehicle for presenting arguments and evidence that could have been presented prior to final judgment. While Butler claims that the affidavits constitute "newly discovered evidence ... which has come to light since his guilty plea proceeding and his filing his Rule 32, ALA. R. CRIM. P. petition" (Doc. 12-1 at 12), Butler does not allege that he did not have these affidavits *prior to this court's entry of final judgment on April 24, 2015*. Indeed, Moore's affidavit is dated June 15, 2014, more than seven months before Butler even filed this action, and while Brock's similar affidavit is undated, this

13

is the first that the court is hearing of either of them. "When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discovery the evidence." *Chery v. Bowman*, 901 F.2d 1053, 1057 n.6 (11th Cir. 1990) (citing *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987); *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Butler's instant motion falls short in this regard, as to both affidavits.

But even if the affidavits were considered despite Butler's procedural failing, he would still fail to make a sufficient showing of actual innocence that would allow him to overcome the time bar. Under the *McQuiggin* exception, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This standard "is demanding and permits review only in the 'extraordinary' case." *Schlup*, 513 U.S. at 327 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "'[T]o be credible' a gateway claim requires 'new reliable evidence-whether

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *House*, 547 U.S. at 537 (quoting *Schlup*, 513 U.S. at 324). The district court then considers "all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327-28 (internal quotation marks and further citation omitted)). "Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* (quoting *Schlup*, 513 U.S. at 329)). In order to warrant an evidentiary hearing, a petitioner must make "a threshold showing of actual innocence. The timing of the submission is relevant, as is the likely credibility of the affiants." *Sibley v. Culliver*, 377 F.3d 1196, 1206 (11th Cir. 2004) (citation omitted). Moreover, "[i]n cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Butler's showing, including the affidavits, does not come close to warranting an evidentiary hearing on actual innocence. Butler's own self-serving, conclusory, and belated protests of innocence despite his guilty plea are not themselves the stuff of

15

which *McQuiggin* gateway claims are made. *See Flores v. McFadden*, 152 F. App'x 913, 914 & n.1 (11th Cir. 2005); *McDowell v. Lemke*, 737 F.3d 476, 483-84 (7th Cir. 2013); *see also Wyzykowski v. Department of Corr.*, 226 F.3d 1213, 1219 (11th Cir. 2000) (Dubina, J., concurring specially). The two affidavits Butler now offers likewise suffer from serious reliability problems because they come relatively late in the game, are not subject to cross-examination, are made by Butler's co-inmates in prison at no direct legal cost to the themselves, and are of a hearsay nature. *See Herrera v. Collins*, 506 U.S. 390, 417-18 (1993); *Arthur v. Allen*, 452 F.3d 1234, 1246 (11th Cir. 2006); *Milton v. Secretary*, DOC, 347 F. App'x 528, 531 (11th Cir. 2009); *Ray v. Mitchem*, 272 F. App'x 807, 810-11 (11th Cir. 2008). In addition, Moore and Brock's affidavits are vague as it might relate to establishing specifically that Butler is not guilty of any offense to which he pled guilty. Indeed, those affidavits appear to concern only the solicitation offense that Butler was alleged to have committed while in the Marion County Jail, for which he was indicted in October 2011. Butler's own allegations would seem to suggest, however, that that solicitation offense occurred after he had been arrested on prior, separate charges of solicitation to commit murder, which became the subject of the June 2011 indictment. At the very least, the affidavits of Moore and Brock do not on their face clearly absolve Butler of the

16

solicitation offenses from the June 2011 indictment to which he also pled guilty. Finally, the court would note that it would appear that the State dismissed nine of the twelve counts contained in the June 2011 indictment as part of a plea bargain. Butler cannot open a gateway to consideration of time barred claims absent a showing that he is actually innocent of such charges foregone by the prosecution. *See Bousley*, 523 U.S. at 624. The court concludes that Butler is not entitled to relief under Rule 59(e), so he is not due to be granted the right to amend his habeas petition.

### III.

Butler has also filed an application for leave to proceed IFP on appeal. The court hereby certifies, however, that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Thus, Butler's IFP motion is due to be denied. Of course, Butler is free to renew such application in the court of appeals should he desire to do so. *See* FED. R. APP. P. 24.

Also, under 28 U.S.C. § 2253(c)(1), a certificate of appealability ("COA") is required to appeal a "final order" denying relief in a § 2254 habeas action. Under Rule 11 of the RULES GOVERNING § 2254 CASES, a district court is to issue or deny a COA when it enters a final order adverse to a petitioner. The Eleventh Circuit has recognized that, in § 2254 habeas cases, an order denying a motion under FED. R. CIV. P. 59(e) is a "final order" for purposes of COA requirements. *Perez v. Secretary,*

17

*Fla. DOC*, 711 F.3d 1263, 1264 (11th Cir. 2013). It is thus appropriate also to address at this time whether Butler might be entitled to a COA as it relates to the denial of his instant motions treated as seeking relief under Rule 59(e). Upon consideration, the court concludes that a COA is due to be denied because neither his habeas petition nor his instant post-judgment motions present issues that are debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Butler may also revisit this issue in the Eleventh Circuit. *See* FED. R. APP. P. 22(b).

### IV.

In conclusion, the court rules as follows: (1) Butler's motion "to vacate, set aside and hold for naught" the court's final order (Doc. 12), treated as motion to alter or amend the judgment pursuant to FED. R. CIV. P. 59(e), is due to be **DENIED**; (2) Butler'S motion for leave to amend his habeas petition (Doc. 12) is due to be **DENIED**; (3) his motion for leave to proceed IFP on appeal (Doc. 14) is due to be **DENIED**; and (4) a certificate of appealability under § 2253 is also due to be **DENIED**.

A separate final order will be entered.

**DONE**, this 10th day of June, 2015.

_/s/ William M. Acker, Jr._
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE